NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE THE PRUDENTIAL INSURANCE COMPANY OF AMERICA SALES PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALICIA WOLIN | Civ. No. 95-4704 (DRD)<br><br>**OPINION** |

WHITE, FLEISCHNER, & FINE, LLP
Brian M. Thorn, Esq.
219 Bergen Place
Red Bank, New Jersey 07701
*Attorneys for Defendant*

**OPINION**

**DEBEVOISE, Senior District Judge**

      Defendant Mark Gitig ("Gitig") moves to enforce the Final Order and Judgment in In re The Prudential Ins. Co. of Am. Sales Practices Litig., 962 F. Supp. 450 (D.N.J. 1997), aff'd, 148 F.2d 283 (3d Cir. 1998), cert. denied, 525 U.S. 1114 (1999), and enjoin Alicia Wolin ("Wolin") from proceeding with an action captioned Wolin v.Mark Gitig, an Individual; Prudential Financial Inc., a Corporation; and Does 1 through 10 and currently pending in the Superior Court of California for the County of Los Angeles with docket number BC325435 (the "Wolin Action"). This is the latest in a long series of motions by Prudential and its agents seeking permanent injunctions. Wolin has not filed any opposition against or appeared in connection

with Gitig's motion to enjoin. For the reasons set forth below, Gitig's motion to enjoin will be granted.

## DISCUSSION

The Court of Appeals has repeatedly affirmed that this court is empowered under the All-Writs Act, 28 U.S.C. § 1651, and the exceptions to the Anti-Injunction Act, 28 U.S.C. § 2283, to protect its jurisdiction in overseeing the administration of this class action and to prevent interference with its orders. E.g., In re The Prudential Ins. Co. of Am. Sales Practices Litig.: LaMarra, 314 F.3d 99 (3d Cir. 2002).

As noted in previous opinions concerning motions to enjoin, the court has traveled this route so many times in this large and lengthy class action and multi-district proceeding that little purpose would be served by setting forth yet again the legal principles that govern the disposition of this motion. The court's previous opinions exhaustively set forth the relevant authorities. The following background discussion of the law is accordingly abbreviated and included primarily for the benefit of Wolin, who may be less familiar with what has come before.

In short, settlement of the class action was approved in In re The Prudential Ins. Co. of Am. Sales Practices Litig., 962 F. Supp. 450 (D.N.J. 1997). The settlement procedure provided that class members were required to opt out by December 19, 1996, or be subject to the claims settlement and alternative dispute resolution ("ADR") process made part of the settlement. The court approved the class notice procedure provided in the settlement, and all class members are deemed to have received timely notice and be subject to the personal jurisdiction of the court regardless of whether they had actual notice or not. See generally In re Prudential Ins. Co. of Am. Sales Practices Litig., 177 FRAT 216 (D.N.J. 1997). In this case, Plaintiff Alicia Wolin

("Wolin") had several Prudential policies issued by Gitig. Two of the policies were issued during the class period which ranges from January 1, 1982 through December 31, 1995. Wolin claims she never received notice of the class action. Wolin did not exclude her claims pertaining to her 1985 variable life insurance policy or her 1992 whole life insurance policy from the class action, and claims she asked Gitig about the case in 1996 after hearing about it from a friend, but Gitig assured Wolin that the case was inapplicable to her. Wolin claims that in December 2003 or January 2004, she learned of Gitig's alleged misrepresentation about the value of her variable life insurance policy. Wolin filed her complaint on December 3, 2004 and also named Prudential as a defendant in the Complaint, but thereafter voluntarily dismissed her claims against Prudential.

The Final Order and Judgment permanently enjoined all policyholders who had not timely excluded themselves from the Settlement Class, and those acting on their behalf, from bringing or pursuing individual claims against Prudential based on or relating to facts and circumstances underlying the claims and causes of action in the class action or the released transactions as defined in the stipulation of settlement. In re The Prudential Ins. Co. of Am. Sales Practices Litig., 962 F. Supp. at 566. The Final Order and Judgment has *res judicata* and claim preclusive effect in all pending and future lawsuits maintained by class members or representatives. Id. at 565. In addition, the Final Order and Judgment provides that this court "retains exclusive jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation" of the class settlement and Final Order and Judgment. Id. at 566.

The claims released as part of the class settlement are intended to be broad. Released

claims, however, are limited as follows:

> Nothing in this Release shall be deemed to alter a Class Member's contractual rights (except to the extent that such rights are altered or affected by the election and award of relief under the Stipulation) to make a claim for benefits that will become payable in the future pursuant to the express written terms of the policy form issued by Prudential; provided however, that this provision shall not entitle a Class Member to assert claims which relate to the allegations contained in the Action or to the matters [described previously in the release].

Stipulation of Settlement ¶ J(1)(c). The class action settlement achieves finality for Prudential for claims that may fairly be said to arise out of the sales practices for which it was sued in the class action. It does not absolve Prudential of other legal and contractual responsibilities.

It appears that Wolin is attempting to bring an action based on Gitig's actions in issuing the above mentioned Prudential Policies which were issued during the class period, and which fit into those actions that have been barred by the Final Order and Judgment. The class settlement, resolved all such claims, which cannot be relitigated in a subsequent collateral state court action. The court has previously rejected attempts by class members to commence independent actions relating to the implementation or administration of the class settlement. The permanent injunction bars Wolin's actions because she failed to exclude herself from the class.

## CONCLUSION

Insofar as the policies issued in 1985 and 1992 are concerned, the Wolin Action will be enjoined because it is barred by the Final Order and Judgment.

      /s/ Dickinson R. Debevoise

      Dickinson R. Debevoise, U.S.S.D.J.

November 14, 2005