NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE THE PRUDENTIAL<br>INSURANCE COMPANY OF AMERICA<br><br>SALES PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>WALTER THOMAS | Civ. No. 95-4704 (DRD)<br><br>O P I N I O N |

Reid L. Ashinoff, Esq.
Edward J. Reich, Esq.
Rachel G. Balaban, Esq.
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
*Attorneys for Defendant The Prudential Insurance Company of America*

Walter Thomas
75 Joanne Road
Stoughton, Massachusetts 02072
*Pro Se Plaintiff*

**DEBEVOISE, Senior District Judge**

Defendant, The Prudential Insurance Company of America ("Prudential"), moves to enforce the Final Order and Judgment issued in <u>In re The Prudential Insurance Company of America Sales Practices Litigation</u>, 962 F. Supp. 450 (D.N.J. 1997), <u>aff'd</u>, 148 F.3d 283 (3d Cir. 1998), <u>cert. denied</u>, 525 U.S. 1114 (1999) (hereinafter "<u>In re Prudential</u>"), and enjoin Plaintiff

1

Walter Thomas ("Plaintiff") from proceeding with portions of his Amended Complaint in an action captioned <u>Thomas v. The Prudential Insurance Company of America</u>, Case No. 05-cv-11955 (D. Mass.), that is currently pending in the United States District Court for the District of Massachusetts. This is the latest in a series of motions by Prudential and/or its agents seeking permanent injunctions to enforce the Final Order and Judgment issued in <u>In re Prudential</u>, which was entered after settlement was reached in a class action by consumers alleging deceptive marketing with regard to the sale of several Prudential life insurance products.

For the reasons set forth below, Prudential's motion will be granted.

## I. BACKGROUND

Plaintiff filed an Amended Complaint in the District Court for the District of Massachusetts on December 2, 2005. The Amended Complaint asserts fifteen causes of action against Prudential for: negligent and intentional misrepresentation (Counts I and II); breach of fiduciary duty (Count III); breach of contract (Count IV); violation of duty of good faith and fair dealing (Count V); declaratory judgment (Count VI); money had and received (Count VII); constructive trust (Count VIII); accounting (Count IX); negligence (Count X); negligent supervision (Count XI); violation of Massachusetts securities laws (Count XII); promissory estoppel (Count XIII); unjust enrichment (Count XIV); and violation of the Massachusetts consumer protection statute (Count XV). These claims arise in connection with Plaintiff's eight class policies and two non-class policies purchased from former Prudential agent David Smith ("Smith").

Plaintiff is or was the owner of Prudential Policy No. 96-627-957, ("957 Policy"), a variable appreciable life policy purchased in 1995 with a face amount of $500,000, which was

the subject of the In re Prudential class action. (Am. Compl. ¶ 9; Affidavit of Irina Futerman, sworn to on June 22, 2007, ¶ 3) (hereinafter "Futerman Aff."). Plaintiff also owns or owned seven other Prudential policies: Policy No. 74-352-102 purchased in 1983 ($320,000 face amount); Policy No. 74-785-427 purchased in 1988 ($100,000); Policy No. 99-168-233 purchased in 1989 ($400,000); Policy No. 99-182-004 purchased in 1989 ($100,000); Policy No. 74-204-770 purchased in 1983 ($180,000); Policy No. 64-268-324 purchased in 1993 ($50,000); and Policy No. 64-534-456 purchased in 1994 ($35,000), which were also subject to the class action. (Am. Compl. ¶ 12; Futerman Aff. ¶¶ 8, 13, 18, 23, 28, 33, 38).

In addition to Plaintiff's eight class policies, he owns or owned two $500,000 variable appreciable life policies that were not purchased during the class period of January 1, 1982 through December 31, 1995, and consequently, are not subject to the Class Action Settlement or Final Order and Judgment: Policy No. 96-686-343, ("343 Policy"), dated February 25, 1997 and Policy No. 96-705-055, ("055 Policy"), dated May 22, 1998. (Am. Compl. ¶¶ 10, 11; Futerman Aff. ¶ 43). Plaintiff testified in his deposition that these non-class policies were purchased "as part of the same retirement plan" as his 957 Policy. (Thomas Dep. 18:15-19). Plaintiff also asserts that he paid a lump sum of $105,000 in 1999 to pay all required premiums for the 957 Policy and the 343 and 055 non-class policies. (Am. Compl. ¶ 15).

Plaintiff's Amended Complaint claims that Smith made misrepresentations in his attempt to sell Prudential life insurance policies to Plaintiff. (Am. Compl. ¶¶ 14, 15). Smith allegedly told Plaintiff that each life insurance policy would provide a guaranteed death benefit of $500,000 and a guaranteed "annuity" of at least $65,000 per year in retirement benefits. (Id. ¶¶ 4, 16). Plaintiff additionally contends that from 1983 to 1998, Prudential committed improper

replacement or "churning," in which Plaintiff's "annuities or investments . . . were replaced periodically at the suggestion of defendant, each with allegedly improved benefits."  (Id. ¶ 7). Plaintiff asserts that such churning affected his 957 Policy, 343 and 055 non-class policies, and "E0-195-004" Policy.[1]  (Id. ¶¶ 14, 9-12).

According to Plaintiff, Prudential's primary "sales technique" involved Smith and Prudential lying about the guaranteed retirement and death benefits and then telling Plaintiff "at a later date that Prudential will pay him nothing and that he owns nothing despite all his payments . . . ." (Pl.'s Resp. to Def.'s Interrog. #1).  Plaintiff claims that Prudential's sales practices and techniques amounted to misrepresentations that affirmatively concealed wrongdoing and caused injury to Plaintiff and that "separately delayed any time requirements for commencement of a civil action."  (Am. Compl. ¶ 18).

In the District of Massachusetts action, Plaintiff is seeking recovery of compensatory damages of at least $300,000, plus the allegedly guaranteed annuity of at least $65,000 per year upon his age of retirement.[2]  (Am. Compl. ¶ 29).  Plaintiff stated that he is not a class member subject to the Final Order and Judgment issued in In re Prudential because he did not timely receive opt-out notification in the class action. (Thomas Dep.  25:1-11).

Prudential now seeks to enjoin Plaintiff's action filed in the District of Massachusetts insofar as it asserts claims or seeks damages based on, or relating to, issues previously resolved

---

[1] Prudential has no record of the E0-194-004 Policy. Plaintiff also testified that he could not identify that annuity and could not state whether he was seeking recovery on it. (Thomas Dep. 14:17-24).

[2] It is unclear whether Plaintiff seeks at least $65,000 per year per policy or for all policies combined.

by the In re Prudential class action settlement, including, engaging in motion practice, pursuing discovery, presenting evidence, or undertaking any other action that would constitute a violation of the Class Action Settlement.  In particular, Prudential argues that Plaintiff failed to opt out of the class action[3] and therefore should be enjoined from proceeding with his separate lawsuit to the extent it impinges upon the Class Action Settlement and this Court's Final Order and Judgment.

## II.  DISCUSSION

### A.  Legal Standard

All individual class members are bound by the principle of res judicata in a class action settlement.  See Simer v. Rios, 661 F.2d 655, 664 (7th Cir. 1981) (citing Hansberry v. Lee, 311 U.S. 32, 42-43 (1940)).  The principle of res judicata precludes parties from re-litigating claims that have been fully and fairly decided.  When a class action settlement is approved under Fed. R. Civ. P. 23(e) and the requirements of due process are found to have been satisfied, res judicata attaches and all individual class members who have not opted-out are bound by the terms of the class action settlement.

The All-Writs Act permits "all courts established by Act of Congress" to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.  The Court of Appeals for the Third Circuit has affirmed that the All-Writs Act empowers this Court to protect its jurisdiction in overseeing the

---

[3] The Settlement Agreement provided that class members were required to opt out by December 19, 1996 or be subject to the claims settlement and alternative dispute resolution ("ADR") process made part of the Settlement. See In re The Prudential Ins. Co. of Am. Sales Practices Litig., 962 F. Supp. 450 (D.N.J. 1997).

administration of class action settlements by issuing injunctions to prevent interference with its orders. See, e.g., In re The Prudential Ins. Co. of Am. Sales Practices Litig.: Lowe, 261 F.3d 355, 365-66, 368 (3d Cir. 2001); In re The Prudential Ins. Co. of Am. Sales Practices Litig.: LaMarra, 314 F.3d 99, 103 (3d Cir. 2002). This Court, therefore, has the ability to enforce the Class Action Settlement reached in In re Prudential and to enjoin individual class members from asserting claims that are covered by the settlement and corresponding order.

**B. Final Order and Judgment**

The gravamen of Plaintiff's cause of action is that Smith sold him the 957 Policy, which allegedly would provide a guaranteed death benefit of $500,000 and a guaranteed annuity of $70,000 a year when Plaintiff reached age sixty-five. (Am. Compl. ¶¶ 4, 16). Plaintiff alleges that this misrepresentation was made at the time of purchase in 1995. (Thomas Dep. 13:7-9). He additionally contends that from 1983 to 1998, Prudential engaged in churning that affected the 957 Class Policy, the 343 Policy, and the "E0-195-004" Policy. (Am. Compl. ¶¶ 14, 9-12). The Court must decide therefore, whether Plaintiff's allegations that Prudential committed fraudulent sales practices in connection with his 957 Policy and two non-class policies fall under the parties' agreement in the Class Action Settlement.

In the Final Order and Judgment, this Court permanently enjoined all policyholders who had not timely excluded themselves from the settlement class, and those acting on their behalf, "from filing, commencing, prosecuting, intervening, or participating in any lawsuit on behalf of any class member in any jurisdiction based on, or relating to, the facts and circumstances underlying the claims and causes of action" in the settlement and released transactions. In re Prudential, 962 F. Supp. at 566. The Final Order and Judgment has "res judicata and claim

preclusive effect in all pending and future lawsuits" maintained by class members or their representatives.  Id. at 565.  In addition, the Final Order and Judgment provides that this Court "retains exclusive jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation" of the class settlement.  Id. at 566.  Based on the Final Order and Judgment, the Court concludes that Plaintiff must be enjoined from any attempt to relitigate claims relating to his 957 Policy or other class policies, but that Plaintiff is free to pursue claims relating to his non-class policies.

### (1) Plaintiff is a Member of the In re Prudential Class

Plaintiff is a member of the In re Prudential class because he owns or owned a 957 Policy, which was a policy subject to the class action, and because he failed to timely opt-out of the In re Prudential class action.  Plaintiff is, therefore, bound by the class action settlement and precluded from pursuing a lawsuit against Prudential for claims that were resolved by the class action settlement.  As a member of the class, Plaintiff, along with other class members, agreed as part of the settlement, to release and waive all claims against Prudential relating to specified policies during the class period and to absolve Prudential of any further liability to class members in connection with the sale of the class policies.

The class action specifically covers Plaintiff's claim that Smith made misrepresentations in the process of selling Plaintiff his 957 Policy.  Although Plaintiff asserts that his class and non-class policies were purchased based on the same misrepresentation, (Thomas Dep. 13:7-9), and that he paid a lump sum of $105,000 in 1999 towards the 957 Policy, the 343 Policy, and the 055 Policy (Am. Compl. ¶ 15), the promise that Prudential allegedly made with respect to the 957 Policy, and that Plaintiff seeks to enforce, occurred in 1995, during the class period.  As

such, Plaintiff may not proceed with his claim based on the 957 Policy.  With respect to the 957 Policy, Plaintiff is entitled to relief only as provided by the terms of the In re Prudential Class Action Settlement.

Plaintiff's argument that the Final Order and Judgment should not apply to him because he never received notice of the Class Action Settlement or an opportunity to opt-out is unavailing.  Actual receipt of individual notice is not the standard by which due process is measured.  Rather, in a class action, due process is measured by the adequacy of notice.  See In re Prudential Ins. Co. of Am. Sales Practices Litig., 177 F.R.D. 216, 231 (D.N.J. 1997) ("Courts have consistently recognized that due process does not require that every class member receive actual notice so long as the court reasonably selected a means likely to apprise interested parties.").  For notice to be adequate, it must be "comprehensive and timely."  See In re Prudential, 962 F. Supp. at 526.  In the present case, following a fairness hearing, this Court approved the class notice procedure provided in the settlement.  All class members were deemed to have received timely notice and, therefore, to be subject to the court's jurisdiction, regardless of whether or not they had actual notice.  Because it was concluded that the notice procedures had "far exceeded the requirements of Rule 23 and due process," In re Prudential, 962 F. Supp. at 526, it is now too late for Plaintiff to try not to be bound by the Class Action Settlement.

*(2) Class Claims and Class Evidence*

The Class Action Settlement also covered Plaintiff's allegation that Prudential engaged in churning with regard to his 957 Policy.  See Prudential, 962 F. Supp. at 474 (class action involved "churning" and "investment plan" allegations).  The class release expressly discharged claims concerning whether policies "were, would operate or could function as investment,

8

savings or retirement fund vehicles, or investment plans." (Appendix II.A(ii)(d) at 27).

To the extent that Plaintiff intends to use class evidence relating to his 957 Policy, or other class policies, to support his non-class claims, (see Thomas Dep. 23:17-24:3), he must be prohibited from doing so.  The Final Order and Judgment expressly bars Plaintiff from relying on class-related evidence to support non-class claims.  See Prudential, 952 F. Supp. at 558 ("The Complaint involves allegations relating to all wrongful conduct in the sale and treatment of life insurance policies.  The release fairly corresponds to the allegations in the Complaint and to the relief provided by the Proposed Settlement.").[4]  The Court of Appeals for the Third Circuit has held that class members may not use class-related evidence to further claims made with respect to non-class policies, as this would "impair the finality of the class settlement to an unacceptable degree" and essentially "permit the relitigation of the released claims." Lowe, 261 F.3d at 363.  The Court of Appeals further held that "[t]he Class Release also precludes class members from relying upon the common nucleus of operative facts underlying claims on the Class Policies to fashion a separate remedy . . . outside the confines of the Released Claims." Id. at 367.  Plaintiff must therefore be enjoined from any attempt to relitigate class claims through the use of class evidence.

### III.  CONCLUSION

For the reasons stated above, the Court will grant Prudential's motion to permanently enjoin Plaintiff from asserting any claims contained in the Amended Complaint relating to the

---

[4] The Court notes, and counsel for Prudential conceded at oral argument, that Plaintiff is permitted to make allegations of fraud and misrepresentation that would sound similar to the class allegations in relation to his non-class policies, so long as Plaintiff did not specifically reference or use class evidence to bolster his non-class claims.

957 Policy or other class policies. The injunction will include, engaging in motion practice, pursuing discovery, presenting evidence, or undertaking any other action that would constitute a violation of the Class Action Settlement. Plaintiff is also specifically enjoined from relying on statements, representations, or other forms of evidence that were made, or found to have occurred, during the class period in support of his non-class claims.

/s/Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: September 25, 2007