**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re the Prudential Insurance Company of America<br><br>Sales Practice Litigation<br><br><br>This Document Relates to:<br><br>Daniel and Mary Alice Mathias | Civ. No. 95-4704 (DRD)<br><br><br>**O P I N I O N** |

*Appearances by:*

NIXON PEABODY LLP
by: Craig R. Tractenberg, Esq.
    R. Brian Seibert, Esq.
437 Madison Avenue
New York, NY 10022

    *Attorneys for Daniel and Mary Alice Mathias*

JANIK & DORMAN, L.L.P.
by: Andrew J. Dorman, Esq.
    Melany A. Kotlarek, Esq.
9200 South Hills Boulevard, Suite 300
Cleveland, OH  44147

    *Attorneys for William H. Kirk*

SONNENSCEIN NATH & ROSENTHAL LLP
by: Reid L. Ashinoff, Esq.
    Edward J. Reich, Esq.
1221 Avenue of the Americas
New York, NY 10020

*Attorneys for the Prudential Insurance Company of America*

**DEBEVOISE, Senior District Judge**

William H. Kirk, a former agent of the Prudential Insurance Company of America, moves to enjoin Daniel and Mary Alice Mathias from pursuing their action against him in the Court of Common Pleas in Summit County, Ohio, to the extent that their claims relate to Prudential whole life policies 39 474 442, 75 920 545, and 39 521 476. Kirk bases his motion on the Stipulation of Settlement and the Final Order and Judgment entered in In re The Prudential Insurance Company of America Sales Practices Litigation, 962 F. Supp. 450 (D.N.J. 1997), aff'd, 148 F.3d 283 (3d Cir. 1998), cert. denied, 525 U.S. 1114 (1999) (hereinafter "In re Prudential"). The Prudential Insurance Company of America ("Prudential") has joined this action to ensure the consistent application of the Stipulation of Settlement and the Final Order and Judgment.

Because Kirk, as a former agent of Prudential, is covered by the Stipulation of Settlement and the Final Order and Judgment, his motion will be granted.

## I. BACKGROUND

In 1986, the Mathiases purchased five Prudential whole life insurance policies: (1) Policy Number 35 319 211, with a face amount of $50,000; (2) Policy Number 39 474 442, with a face amount of $50,000; (3) Policy Number 75 044 536, with a face amount of $100,000; (4) Policy Number 75 920 545, with a face amount of $75,000; and (5) Policy Number 39 521 476,[1] with a face amount of $200,000. The Mathiases submit that they relied on Kirk's expertise in

---

[1] Kirk's submission list the fifth policy number as 39 521 479. Despite this small discrepancy, the Court determines that the parties are referring to the same policy.

purchasing these policies. Specifically, the Mathiases submit that Kirk stated that these policies would provide more coverage than the Mathiases' previous life insurance policies and would not require the payment of premiums because the policies were self-funding.

From 1986 to 2005, the premiums on the Mathiases' policies were paid automatically with the dividends issued by the policies. If the dividends did not cover the premiums, Prudential would issue a loan against the face value of the policy to cover the differences between each Policy's dividends and the balance of the premium. Although this system worked initially, eventually, the loans taken against the policies began to approach the cash value of the policies as the dividends did not continue to cover the premiums and as interest began to accrue on the loans.

In 2005, the Mathiases received notice from Prudential that three of their policies had lapsed because their respective loan amounts, including accrued interest, had exceeded the cash value of the policy. As a result, Prudential cancelled the insurance policies to satisfy the loans. Prudential, however, did not notify the Mathiases of the potential for adverse tax consequences resulting from the lapse of the policies. Subsequently, the Mathiases received notice from the IRS that, due to the lapse of the three policies and the loan forgiveness, $240,873.88 needed to be included in the Mathiases gross income for the 2005 tax year. This additional income substantially increased the Mathiases tax bill such that they took out a line of credit against their home in order to satisfy their state and federal tax obligations.

On December 7, 2006, the Mathiases commenced an action against Prudential and Kirk in the Court of Common Pleas for Summit County, Ohio. The complaint included causes of action for breach of contract, fraud, negligence, breach of fiduciary duty, and negligent failure to

supervise. Kirk responded to the Mathiases' discovery requests by producing 1,375 pages of discovery, including documents relating to all five of the life insurance policies at issue, and filed a motion for a more definite statement. When this motion was denied, Kirk answered the complaint.

Kirk did not contest the Ohio court's jurisdiction over the state court action until September 2007, when he filed a motion to dismiss for lack of subject matter jurisdiction in reliance on the Stipulation of Settlement and the Final Order and Judgment entered in <u>In re Prudential</u>. Three of the Mathiases policies, specifically policy numbers 39 474 442, 75 920 545, and 39 521 476, are covered by the class action settlement.[2] The remaining two policies, numbers 35 319 211 and 75 044 536, are not covered.

Prudential brought the class action settlement to the Mathiases' attention in early 2007. After reviewing the settlement, the Mathiases acknowledged that they were class members because three of their policies were included in the class action. The Mathiases then amended their complaint in the Ohio court to ensure compliance with the terms of the settlement. Currently, the Mathiases are not pursuing any claims against Prudential for matters to which the class action settlement applies and they have assured Prudential and the Ohio court that they will not use class evidence against Prudential in support of their claims relating to their two non-class policies.

## II. DISCUSSION

The Mathiases have refused to withdraw their state claims against Kirk on the three

---

[2] Policy number 75 920 545 is a class policy. Policy numbers 39 521 479 and 39 474 442 are also included in the class action settlement because of the extensive interfunding between these policies and the 75 920 545 policy.

policies that are covered by the class action settlement. In response to Kirk's motion to enjoin, they assert three arguments. First, the Mathiases argue that Kirk is not protected by the settlement because he was acting as their agent. Second, the Mathiases argue that Kirk's acquiescence in the jurisdiction of the state court prevents him from objecting to the state proceedings. Finally, the Mathiases argue that they are entitled to use class evidence against Kirk because he voluntarily participated in discovery.

## A. Legal Standard

All individual class members are bound by the principle of res judicata in a class action settlement. See Simer v. Rios, 661 F.2d 655, 664 (7th Cir. 1981) (citing Hansberry v. Lee, 311 U.S. 32, 42-43 (1940)). The principle of res judicata precludes parties from re-litigating claims that have been fully and fairly decided. When a class action settlement is approved under Federal Rule of Civil Procedure 23(e), and the requirements of due process are found to have been satisfied, res judicata attaches and all individual class members who have not opted-out are bound by the terms of the class action settlement.

The All-Writs Act permits "all courts established by Act of Congress" to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The Court of Appeals for the Third Circuit has affirmed that the All-Writs Act empowers this Court to protect its jurisdiction in overseeing the administration of class action settlements by issuing injunctions to prevent interference with its orders. See, e.g., In re The Prudential Ins. Co. of Am. Sales Practices Litig. (Lowe), 261 F.3d 355, 365-66, 368 (3d Cir. 2001); In re The Prudential Ins. Co. of Am. Sales Practices Litig. (LaMarra), 314 F.3d 99, 103 (3d Cir. 2002). This Court, therefore, has the ability to enforce the

class action settlement reached in In re Prudential and to enjoin individual class members from asserting claims that are covered by the settlement and corresponding order.

**B.  Application of the Final Order and Judgment**

In In re Prudential, the Final Order and Judgment provides that this Court "retains exclusive jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Stipulation of Settlement and of this Final Order and Judgment."  962 F. Supp. at 566.  The Final Order and Judgment permanently enjoined all class members from "filing, commencing, prosecuting, intervening, or participating in any lawsuit on behalf of any class member in any jurisdiction based on or relating to the facts and circumstances underlying the claims and causes of action in this lawsuit . . . ."  Id.  Indeed, it has "res judicata and claim preclusive effect in all pending and future lawsuits" brought by class members or their representatives.

The Stipulation of Settlement, which was specifically incorporated into the Final Order and Judgment, id. at 564, provides that:

> Plaintiffs and all Class Members hereby expressly agree that they shall not now or hereafter institute, maintain or assert against the Releasees, either directly or indirectly . . . and release and discharge the Releasees from, any and all causes of action, claims, damages, equitable, legal and administrative relief, interest, demands or rights, of any kind or nature whatsoever, whether based on federal, state or local statute or ordinance, regulation, contract, common law, or any other source, that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiffs or any Class Member against the Releasees in the Actions or in any other action court action or before any administrative body . . . .

(Kirk's Mot. Ex. 6 at 34.)  Under the agreement, "Releasees" are defined as: "Defendants, individually and collectively, and any other current, former and future parents, subsidiaries,

partners, predecessors, successors and assigns of Prudential, and each of their respective past, present and future officers, directors, employees, [or] agents . . . ." Id. at 14.

      Kirk was an agent of Prudential when the Mathiases policies were purchased and issued. Therefore, he is a releasee under the Stipulation of Settlement and the Mathiases, as class members, are prohibited from bringing any claim against him relating to any of the released policies.  The fact that Kirk may also have been an agent of the Mathiases does not alter his status as an agent of Prudential.

      Nor do the Mathiases' allegations that Kirk delayed in raising the Stipulation of Settlement as a jurisdictional bar to the state court action.  Even if these allegations were taken as true, they would not amount to a waiver of the Final Order and Judgment.  Subject matter jurisdiction is not akin to personal jurisdiction; it cannot be waived through mere participation in a litigation or a failure to immediately raise it as a defense.  Furthermore, to interpret a delay as a waiver would undermine the finality of the Final Order and Judgment.  See In re Prudential, 962 F. Supp. at 559 ("A settlement with Prudential alone would lack finality because if dissatisfied policyholders sued Prudential agents, the agents would likely turn to Prudential for indemnity or contribution.").  Consequently, all claims asserted by the Mathiases against Kirk on the three class policies in the Court of Common Pleas in Summit County, Ohio will be enjoined.

      Finally, because Kirk is covered by the Final Order and Judgment and the Stipulation of Settlement, the Mathiases will be enjoined from using class evidence in support of their non-class claims against Kirk.  The Court of Appeals for the Third Circuit has held that class members may not use class-related evidence to further claims made with respect to non-class policies, as this would "impair the finality of the class settlement to an unacceptable degree" and

7

essentially "permit the relitigation of the released claims." In re Prudential (Lowe), 261 F.3d at 363. The Court of Appeals further held that "[t]he Class Release also precludes class members from relying upon the common nucleus of operative facts underlying claims on the Class Policies to fashion a separate remedy . . . outside the confines of the Released Claims." Id. at 367. Therefore, in order to ensure finality, the Mathiases are prohibited from relying on class evidence in support of their non-class claims against Kirk. Kirk's production of the documents during discovery is irrelevant and does not entitle the Mathiases to use class evidence against Kirk.

### III.  CONCLUSION

For the reasons stated above, the Court will grant Kirk's motion to specifically enjoin the Mathiases from asserting any claim in their action before the Court of Common Pleas in Summit County, Ohio relating to Prudential policy numbers 39 474 442, 75 920 545, and 39 521 476, or any other class policy. The injunction will include, engaging in motion practice, pursuing discovery, presenting evidence, or undertaking any other action that would constitute a violation of the Class Action Settlement. The Mathiases are also specifically enjoined from relying on class evidence in support of the non-class claims that they have asserted against Kirk.

/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: January 11, 2008